**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 17-142 |
| | ) | Civil No. 21-235 |
| | ) | Judge Nora Barry Fischer |
| NORMAN BLACKWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.     INTRODUCTION

This matter is before the Court on a motion to vacate sentence under 28 U.S.C. § 2255, filed by *pro se* Defendant Norman Blackwell, (Docket No. 142), his amended motion (Docket No. 152), the Government's opposition thereto, (Docket No. 156), Defendant's reply, (Docket No. 182), the Government's sur-reply (Docket No. 188), and Defendant's reply to the Government's sur-reply (Docket No. 191). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motions [142], [152] are denied.

### II.     BACKGROUND

A federal grand jury returned an indictment on June 6, 2017 charging Defendant with conspiracy to distribute 100 grams or more of heroin from November 2015 to January 2016. (Docket No. 3). On October 16, 2018, Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). (Docket No. 3; Docket No. 111). Defendant agreed to waive his right to take a direct appeal, subject to several exceptions not relevant here. (Docket No. 109 at 2). Defendant also agreed to

"waive[] the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence," but the agreement permitted him to "rais[e] a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." *Id.*

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PIR"). (Docket No. 121). The PIR stated that Defendant had been convicted of one count of possession with intent to deliver heroin on July 11, 2000 in Pennsylvania state court, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30). (Docket No. 121 at ¶ 39). Defendant was released from prison for this violation on August 28, 2002. *Id.* The PIR also stated that Defendant had been convicted on September 30, 2004 in Pennsylvania state court of four counts of delivery of heroin and one count of possession with intent to deliver heroin, all in violation of 35 Pa. Cons. Stat. § 780-113(a)(30). (Docket No. 121 at ¶ 41). A violation of § 780-113(a)(30) is punishable by more than one year in prison. 35 Pa. Cons. Stat. § 780-113(f)(1). Given Defendant's prior convictions, the Court found that Defendant was a career offender under advisory Guideline § 4A1.1. (Docket No. 127 at 2-3; Docket No. 137 at 1).

The Court held a sentencing hearing on March 14, 2019, and imposed a sentence of 216 months' imprisonment, to be served concurrently with a state sentence Defendant was already serving. (Docket No. 139). The sentence of imprisonment was below the advisory guidelines range of 262 to 327 months because the Court granted Defendant's motion for a variance, in part, after carefully considering and weighing all of the § 3553(a) factors. (Docket No. 127 at 4; Docket No. 137 at 1).

Neither the Government nor Defendant appealed the Court's judgment. Instead, nearly two years after his sentence, on February 17, 2021, Defendant filed the instant motion under 28 U.S.C. § 2255. (Docket No. 143). On February 18, 2021, the Court notified the Defendant that he needed

2

to amend his motion to include any additional claims in support of relief pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). (Docket No. 146). Defendant subsequently amended his motion on May 6, 2021. (Docket No. 152). The Government countered with its response in opposition on June 21, 2021. (Docket No. 156). Defendant replied on August 27, 2021, and the Government submitted its sur-reply on September 14, 2021. (Docket No. 188). With leave of Court, the Defendant filed a reply to the Government's sur-reply on September 29, 2021 (Docket No. 191). As such, the Court considers Defendant's motion fully briefed and ripe for disposition.

### III.    LEGAL STANDARD

A prisoner sentenced by a federal court may move to vacate his sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States" or "is otherwise subject to collateral attack." As relevant here, a § 2255 motion must be filed within one year of when the date the judgment of conviction becomes final or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See id.* § 2255(f)(1), (f)(4).

Generally, a court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the court must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly,

3

"vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). In the Court's view, Defendant's motion can be decided after review of the record in the case, and thus a hearing is not necessary.

## IV.   DISCUSSION

In his initial motion, Defendant asserted, without elaboration, that his guilty plea "may have been coerced" because he was not informed that the career offender enhancement from U.S.S.G. § 4B1.1 "may have been unconstitutional at [the] time of sentencing[,] making [his] plea unlawful." (Docket No. 143 at 4). He also argued that his "[s]entence may be illegal as I may not have been eligible for [the] Career Criminal Enhancement." (Docket No. 143 at 5).

Defendant clarified his claims in his amended motion. For his first claim, he asserted that his counsel at sentencing provided ineffective assistance by failing to realize that the career offender enhancement could not apply to Defendant's sentence. In particular, his counsel failed to realize that one of Defendant's prior misdemeanor convictions could not serve as part of the basis for the career offender enhancement. (Docket No. 152 at 1). Additionally, his counsel was ineffective because counsel should have realized that the misdemeanor "was [for] a [p]ossession of a firearm which is neither a 'crime of violence' nor a controlled substance offense." (Docket No. 152 at 5). Lastly, Defendant claimed that one of the underlying convictions could not serve as the basis of the career offender enhancement because the conviction occurred too far in the past, something his counsel should have understood. (Docket No. 152 at 4).

For his second claim, Defendant alleged ineffective assistance when counsel advised him "to enter a guilty plea . . . where the affidavit of probable cause was defective." (Docket No. 152 at 2). Defendant also faulted his counsel for failing to realize that the criminal complaint and

4

information, supposedly in existence, were defective. (Docket No. 152 at 3). In his reply brief, Defendant also asserted that his counsel was ineffective because counsel failed to argue that *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994), should be overturned. Defendant drew inspiration for this claim from the actions of defense counsel in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), who convinced the Third Circuit Court of Appeals to overturn *Hightower*. (Docket No. 182 at 4-5).

Having considered the parties' arguments, the Court finds that: (1) Defendant's claims are barred by the statute of limitations, (2) equitable tolling does not apply to Defendant's motion, and, (3) Defendant's claims lack merit.[1]

### A.  Statute of Limitations

Turning first to the statute of limitations issue, the Court concurs with the Government that Defendant's motion is untimely. Section 2255 motions are subject to a one-year period of limitation. *See* 28 U.S.C. § 2255(f); *see also Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999). Section 2255(f) provides that the one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1]     Defendant's ineffective-assistance-of-counsel claims are not procedurally defaulted on collateral review even though he did not raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). Additionally, the collateral-attack waiver in Defendant's plea agreement contained an exception for ineffective-assistance-of-counsel claims. (Docket No. 109-1 at 2).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The parties do not dispute that §§ 2255(f)(2) and (f)(3) do not apply to this case. Further, Defendant does not contest that his motion is untimely under § 2255(f)(1) because he did not file it within one year of March 28, 2019 – the date on which his 14-day period to file a notice of appeal expired and his judgment of conviction became final. *United States v. Sayles*, Criminal No. 09-273, 2013 WL 4523593, at *3 (W.D. Pa. Aug. 27, 2013); (Docket No. 182 at 1; Docket No. 139). However, Defendant contends that his motion is timely under § 2255(f)(4). In this Court's estimation, the Defendant has failed to demonstrate that this exception to the statute of limitations applies.

A motion is timely under § 2255(f)(4) if it is filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Supreme Court has held that a petitioner's duty to exercise due diligence as prescribed in § 2255(f)(4) begins to run when "he is in a position to realize that he has an interest in challenging" the illegal action he is attacking in his collateral proceeding. *See Johnson v. United States*, 544 U.S. 295, 308 (2005). The Supreme Court emphasized that "[t]he important thing is to identify a particular time" that "clearly shows that diligence is in order." *Id.* The Supreme Court also explained that "*pro se* representation alone or procedural ignorance [is not] an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Id.* at 311.

6

With *Johnson* as a guide, the Court turns to Defendant's claims to identify when he could have discovered "the facts supporting [his] claims" through "the exercise of due diligence." § 2255(f). Since Defendant makes ineffective assistance of counsel claims, his motion is timely under § 2255(f)(4) if he filed the motion within one year of when he should have discovered his counsel's alleged ineffectiveness. Taking Defendant's allegations as true, the facts which Defendant should have discovered include his defense counsel failing to realize that the career offender enhancement from U.S.S.G. § 4B1.1 did not apply to his case. The facts also include counsel failing to challenge the defective criminal complaint, information, and affidavit of probable cause supporting the arrest warrant. Lastly, the facts include counsel failing to argue that *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994), should be overturned.

After review of the record, the Court finds that the "facts supporting [his] claims" were discoverable by Defendant on the date of his sentencing, if not earlier. The Court first recounts the facts underlying Defendant's first claim of ineffective assistance: that counsel failed to realize the invalidity of the career offender enhancement. The United States Probation Office filed the PIR on January 16, 2019, which concluded that Defendant was a career offender. (Docket No. 121 at ¶ 45). The PIR laid out the details of the underlying convictions used to conclude that the career offender enhancement applied to Defendant. (*See id.* at ¶¶ 39, 41, and 45). The Court issued its Tentative Findings and Rulings on February 11, 2019 and concluded that Defendant was a career offender as provided in the PIR. (Docket No. 127 at 2-3). Lastly, on March 14, 2019 at Defendant's sentencing, this Court personally discussed the PIR and its tentative findings and rulings with Defendant and his counsel before adopting its tentative findings and rulings, including its finding regarding the career offender enhancement. (Docket No. 137 at 1; Docket No. 190). The Court asked Defendant if he had "read the presentence report" and if he had "read [the] tentative findings

and rulings?" (Docket No. 190 at 4). Defendant responded "yes" to both questions. (Docket No. 190 at 4). The Court then asked, "have you had an opportunity to go over all of those documents with your attorney?" (Docket No. 190 at 4). Again, Defendant answered yes. (Docket No. 190 at 4). After determining that neither party had any objections to the presentence report and the Court's tentative findings and rulings, the Court accepted the facts laid out in the presentence report and its tentative findings and rulings. (Docket No. 190 at 6).

Throughout the sentencing, Defendant had an opportunity to observe what arguments his counsel made (or did not make) before this Court, including potential arguments about the applicability of the career offender enhancement. (Docket No. 137 at 1; Docket No. 190). Thus, by no later than March 14, 2019, Defendant was aware of the facts supporting the career offender enhancement and could decide whether his counsel had rendered ineffective assistance by failing to realize a defect in the application of the enhancement. *See Sayles*, 2013 WL 4523593, at *6. The Court therefore finds that, for Defendant's first ineffective assistance of counsel claim, his duty to exercise reasonable diligence pursuant to § 2255(f)(4) began to run on March 14, 2019. Accordingly, his first claim of ineffective assistance of counsel is untimely.

Defendant's second claim of ineffective assistance of counsel, that his counsel should have challenged the criminal complaint, information, and the affidavit supporting the arrest warrant, is also untimely under § 2255(f)(4). The Government commenced criminal proceedings against Defendant on June 6, 2017. (Docket No. 3; Docket No. 5). Later, the Defendant pled guilty to the single count in the indictment at a proceeding in which the Government recited the elements of the offense and summarized the evidence against him. (Docket No. 109). Armed with knowledge about the charge and the Government's supporting evidence after pleading guilty, Defendant could decide for himself whether his counsel should challenge the Government's complaint, information,

8

and affidavit. As the Court's sees it, Defendant had the facts needed to make his second ineffective assistance of counsel claim by the time the Court entered judgment, if not earlier. Thus, his second ineffective assistance of counsel claim is untimely. *See Sayles*, 2013 WL 4523593, at *6.

Lastly, Defendant's third ineffective assistance of counsel claim, that counsel should have argued that *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994) should be overturned, is untimely under § 2255(f)(4). *Hightower* addressed the application of the career offender sentencing enhancement that the Court accounted for at Defendant's sentencing. *See* 25 F.3d at 183. The Court believes that the "overturning" argument Defendant claims counsel should have made would have been voiced by counsel at sentencing when the Court found that the career offender enhancement applied. As stated previously, Defendant was present at sentencing and had the opportunity to observe that his counsel did not argue that *Hightower* should be overturned. Thus, the "facts supporting [his] claims" were apparent on March 14, 2019, like with his other ineffective assistance of counsel claims, meaning it is untimely.

In sum, it is the Court's view that the "facts supporting [Defendant's] claims" for all three of his ineffective assistance of counsel claims were apparent to Defendant by March 14, 2019, the day the Court sentenced him. He brought his § 2255 motion on February 17, 2021, well beyond one year after March 14, 2019, and thus his motion is untimely.[2]

### B.  Equitable Tolling

Defendant argues that equitable tolling should apply to his case, and thus his motion is timely. (Docket No. 191 at 5-6). The Third Circuit Court of Appeals permits a "sparing" use of

---

[2]     As this Court has held previously, the Third Circuit's decision in "*Nasir* cannot provide a basis" to meet the exception to the statute of limitations under § 2255(f)(3). *See United States v. Lipscomb*, Crim. No. 16-161, 2021 WL 3634674, at *3 (W.D. Pa. Aug. 17, 2021).

equitable tolling of the § 2255(f) statute of limitations in the "rare situation" where a defendant "face[d] extraordinary circumstances that prevent[ed] him from filing a timely habeas petition *and* the [defendant] has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).

Defendant's asserts that equitable tolling applies because he lost approximately nine days of the one-year statute of limitations period due to the prison where he resided locking down in response to the COVID-19 pandemic. (Docket No. 191 at 5). The limitations period expired on March 28, 2020, and Defendant claims the prison began its lockdown on March 19, 2020. (Docket No. 191 at 5). Initially, it is the Court's judgment that losing nine days of a one-year limitations period due to a prison lockdown does not rise to the level of "extraordinary circumstances" warranting equitable tolling. *See United States v. Shumate*, No. 18-cr-645, 2021 WL 1851849, at *2 (D.N.J May 7, 2021) (prison lockdown resulting from the COVID-19 pandemic curtailing access to library did not constitute extraordinary circumstances because defendant could have submitted a motion to preserve his rights until the lockdown ended). Further, the record reflects that the lockdown did not hinder Defendant's ability to prepare and file his motion before the March 28, 2020 deadline. Defendant claimed in his initial February 17, 2021 filing that he had "just found out" on "about 1-12-2021" about the bases for his claims for relief. (Docket No. 143 at 3). Thus, even if the lockdown had not occurred, Defendant would still have filed his motion approximately eleven months after the limitations period expired. All told, Defendant's loss of nine days of the limitations period is not an extraordinary circumstance because he would not have filed his motion within the limitations period even if the nine days were available to him.

In the alternative, even if losing nine days could constitute an extraordinary circumstance for tolling purposes, the Court finds that Defendant has not exercised "reasonable diligence" to

bring his motion within the limitations period. Defendant claims that the prison was on lockdown for "14-months," beginning on March 19, 2020, meaning the lockdown lasted until approximately May 2021. (Docket No. 191 at 5). Nowhere in Defendant's February 17, 2021 motion or in his May 6, 2021 amended motion did Defendant argue for equitable tolling, and he did not make an explicit argument for equitable tolling until September 29, 2021. (Docket No. 143, Docket No. 152; Docket No. 191). As such, despite raising numerous claims for relief and presenting a sophisticated habeas motion, Defendant waited months after his first filing to ask for equitable tolling. Therefore, Defendant's delay after numerous opportunities to ask for equitable tolling shows that Defendant has not exercised reasonable diligence to preserve his claims through tolling the limitations period. *See Mickens v. Garman*, No. 20-cv003857, 2021 WL 3109650, at *3 (E.D. Pa. July 22, 2021) (holding that a defendant failed to exercise reasonable diligence to toll the statute of limitations when he waited months after the limitations period deadline to file his motion despite his prison facility mandating a lockdown because of the COVID-19 pandemic).

### C.  The Merits of Defendant's Claims

Beyond the untimeliness of his motion and lack of equitable tolling, the Court alternatively holds that Defendant's motion lacks merit. To establish an ineffective assistance of counsel claim, Defendant must first show that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Collins v. Sec'y of the Pa. Dep't of Corr.*, 742 F.3d 528, 546 (3d Cir. 2014) (quotation marks and citation omitted). Defendant must then "show prejudice such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation marks and citation omitted). Here, Defendant's ineffective assistance claims fail because defense counsel's

representation did not fall below an objective standard of reasonableness. To the contrary, the factual bases underlying all of Defendant's claims are not substantiated on this record.

First, notwithstanding Defendant's assertions, the career offender enhancement was appropriately applied at sentencing, and thus his counsel was not ineffective when he failed to challenge the career offender enhancement. Under U.S.S.G. § 4B1.1, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Sentencing Guidelines define a "controlled substance offense" as the following:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2. According to the Application Notes to the Sentencing Guidelines, "[c]ertain prior sentences are not counted" as controlled substance offenses including "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense" unless "the defendant's incarceration extended into this fifteen-year period." U.S.S.G. § 4A1.1 app. 1.

Defendant claims that the U.S. Probation Office relied on a 1993 misdemeanor for illegal firearm possession when concluding that the career offender enhancement applied to Defendant's case. (Docket No. 121 at ¶ 35; Docket No. 4-5). He argues that this 1993 misdemeanor cannot count as an underlying conviction for the career offender enhancement, and thus his counsel was ineffective for failing to realize the career offender enhancement's inapplicability. But the 1993

misdemeanor Defendant references was not the basis of the career offender enhancement. Instead, the PIR showed that Defendant had been convicted of one count of possession with intent to deliver heroin on July 11, 2000 in Pennsylvania state court, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30). (Docket No. 121 at ¶ 39). Defendant was released from prison for this violation on August 28, 2002. *Id.* The PIR also showed that Defendant had been convicted on September 30, 2004 in Pennsylvania state court of four counts of delivery of heroin and one count of possession with intent to deliver heroin, all in violation of 35 Pa. Cons. Stat. § 780-113(a)(30). (Docket No. 121 at ¶ 41). A violation of § 780-113(a)(30) is punishable by more than one year in prison. 35 Pa. Cons. Stat. § 780-113(f)(1). And § 780-113(a)(30) qualifies as an underlying conviction for the career offender enhancement. *United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018) (holding that "§ 780-113(a)(30) . . . is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under § 4B1.1"). Accordingly, Defendant's complaint about the 1993 misdemeanor is misplaced.

Defendant also incorrectly states that the felony convictions fell outside the "10 year" time period to count as underlying controlled substance offenses. (Docket No. 152 at 4). On the contrary, the Sentencing Guidelines provide for a fifteen-year look back period. U.S.S.G. § 4A1.1 app. 1. Additionally, if "the defendant's incarceration extended into this fifteen-year period," the underlying offense that led to the incarceration falls within the fifteen-year time period. *Id.* Defendant was released for his 2000 drug conviction on August 28, 2002, and the "commencement of the instant offense" began in November 2015, according to the count in the indictment to which Defendant pled guilty. U.S.S.G. § 4A1.1 app. 1; (Docket No. 3; Docket No. 121 at ¶ 39). As calculated by the Court, a release date of August 28, 2002 for the 2000 drug conviction falls within

the 15-year time limit since the offense commenced in November 2015. Of course, the same analysis applies to the 2004 conviction.

Next, Defendant's assertions that his counsel was ineffective for failing to challenge the Government's complaint, information, and affidavit supporting its arrest warrant are undercut by the fact that a grand jury returned an indictment against him. (Docket No. 152 at 2; Docket No. 3). As this federal case was not initiated by a criminal complaint, information, or warrant of arrest supported by an affidavit, he cannot demonstrate that his counsel was ineffective for failing to object to same. To the extent Defendant actually meant that the indictment was somehow defective, he never explains how or why, and "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *Knight*, 2009 WL 275596, at *1 (quoting *Thomas*, 221 F.3d at 437).

Moving on, Defendant's assertion that his counsel was ineffective when he did not argue that *United States v. Hightower* should be overturned fails as a matter of law. Defendant wishes that his counsel had made the same argument made by defense counsel in *Nasir*. In *Nasir*, the Third Circuit held that certain inchoate offenses are not predicate convictions under the career offender enhancement, thus overturning *Hightower*. 982 F.3d 144, 160 (3d Cir. 2020) (en banc). But *Nasir*, decided in December 2020, came well after Defendant's March 14, 2019 sentencing. (Docket No. 137). As explained by the Third Circuit, "there is no general duty on the part of defense counsel to anticipate changes in the law." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (internal quotation marks and citation omitted). When the Court sentenced Defendant, *Hightower* was the law governing Defendant's case, and inchoate offenses were predicate convictions under the career offender enhancement. Thus, any argument that Defendant's inchoate offense should not count for purposes of the career offender enhancement "would have been

14

doomed to failure," and counsel would not have been ineffective for failing to pursue this futile argument. *Sistrunk*, 96 F.3d at 671. Accordingly, the Court finds that Defendant's counsel was not ineffective for failing to argue that *Hightower* should be overruled.[3]

For all of these reasons, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid conviction and sentence under § 2255. *See United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). Accordingly, his motions are denied.

## V.      CONCLUSION

Based on the foregoing, Defendant's Motion and Amended Motion to vacate his sentence under 28 U.S.C. § 2255 [143], [152] are denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*

Nora Barry Fischer

Senior U.S. District Judge

Dated: October 18, 2021

---

[3]      In his initial February 17, 2021 motion, Defendant appeared to make two additional claims for relief unrelated to the supposed ineffectiveness of his counsel. (Docket No. 143 at 4-5). He asserted that his guilty plea "may have been coerced" because he was not informed that the career offender enhancement from U.S.S.G. § 4B1.1 "may have been unconstitutional at [the] time of sentencing[,] making [his] plea unlawful." (Docket No. 143 at 4). He also argued that his "[s]entence may be illegal as I may not have been eligible for [the] Career Criminal Enhancement." (Docket No. 143 at 5). However, following the Third Circuit's decision in *Folk*, when "an incorrect career-offender designation . . . results in a sentence within the statutory maximum[, it] is not a fundamental defect inherently resulting in a complete miscarriage of justice and cannot be cognizable under § 2255." *United States v. Folk*, 954 F.3d 597, 605 (3d Cir. 2018); *see also Lipscomb*, 2021 WL 3634674, at *4 (quoting same).

cc/ecf:  All counsel of record

       Norman Blackwell

       BOP # 38474-068

       FCI Hazelton

       P.O. Box 5000

       Bruceton Mills, WV 26525

       (via U.S. mail)